**In re PRITAM REALTY, INC., Debtor.**

**Carl Palermo, Appellant,**

**v.**

**Pritam Realty, Inc., Appellee.**

**No. Civ. 97–1434(SEC).**

United States District Court,
D. Puerto Rico.

March 31, 1999.

Luis Pérez–Giusti, Leonard Mignucci & Pérez–Giusti, Hato Rey, Puerto Rico, Fred L. Abrams, San Juan, Puerto Rico, for appellant.

Gilberto Mayo Pagán, Mayo & Mayo, San Juan, Puerto Rico, for appellee.

## OPINION AND ORDER

CASELLAS, District Judge.

Pending before the Court is an appeal (**Docket # 1**) taken by Carl Palermo ("Palermo"), a former creditor of debtor Pritam Realty, Inc. ("debtor"), of an order from the United States Bankruptcy Court for the District of Puerto Rico ("Bankruptcy Court") entered on October 16, 1996. In its order, issued in Case No. 93–01277(SEK), the Bankruptcy Court denied Palermo's motion to set aside, under Fed. R.Bank.P. 9024 and Fed.R.Civ.P. 60(b), its order upholding the private sale of a building which was part of the debtor's estate. Palermo alleges that the Bankruptcy Court's decision that he had not complied with its earlier "verbal" order, which contained the conditions necessary for him to be able to participate in a public auction of debtor's property, thus confirming the private sale of the building to a third party purchaser. Appellee debtor filed a motion requesting dismissal of appeal as moot, absent stay of order confirming sale (**Docket # 11**).

For the reasons stated below in this Opinion and Order, debtor's motion requesting dismissal of the present appeal is **GRANTED** and this appeal shall be **DISMISSED** as **MOOT**.

## Factual Background

We hereby summarize the facts relevant to the disposition of this matter. On August 16, 1994 the Bankruptcy Court confirmed debtor's reorganization plan under Chapter 11 (the "Plan"). The Plan provided for the sale of debtor's assets, in order to generate sufficient funds to pay the secured and unsecured creditors whose claims were allowed. Specifically, the Plan provided for the sale of debtor's principal asset, a real property located at 1106 Ashford Avenue in Condado, Puerto Rico ("El Consulado").

On March 21, 1996 debtor and Mrs. Jesús Pérez Brignoni ("Pérez") filed a joint motion submitting an offer for the private purchase of El Consulado. The Bankruptcy Court scheduled a hearing on said motion for March 29, 1996. Palermo appeared through counsel and orally objected to the private sale, claiming that through a public auction the purchase price offered by Pérez could be exceeded. He then filed a motion reiterating his objection.

The Bankruptcy Court questioned Palermo regarding the basis for his belief that a better price could be obtained by conducting a public auction. Palermo responded that he was willing to pay $50,000 more than what Pérez was offering. The Bankruptcy Court then requested some assurance, stating "[W]e really have to have some type of assurance that indeed he can come up with something more than a verbal offer." Palermo then offered to deposit the $160,000 cash payment in an interest-bearing account within seven days as a token of his good faith.

The Bankruptcy Court then ordered Palermo "within a period of seven days to file an exact information of what he is intending to offer, plus $160,000.00 in an escrow interest bearing account ..." The Court also stated that the period for objecting to the private sale pursuant to Bankruptcy Rule 6004 had not transpired, and that thus the seven-day period granted to Palermo would run concurrently with that of the original notice of private sale. Palermo was instructed by the Bankruptcy Court to specify the exact terms of payment in the offer to be proffered within seven days.

On April 12, 1996 debtor requested final approval of the sale from the Bankruptcy Court, as the 20–day period required by the Rule from notice of the motion requesting approval of the final sale had elapsed, and Palermo had not filed a motion notifying the Court that he had set up the escrow account as ordered during the March 29th hearing.

On April 16, 1996 the Bankruptcy Court entered an order approving the private sale to Pérez. The April 16, 1996 order also stated:

At the completion of the [March 29, 1996] hearing, we ordered PRITAM REALTY, INC to hold a public auction to sell the mentioned realty provided Mr. Palermo could comply with certain conditions including, but not limited to, placing $160,000.00 in an escrow account within the following seven days. Mr. Palermo did not comply with any of these terms and conditions.

On May 23, 1996 Palermo filed a motion seeking to vacate and set aside the order approving the final sale, pursuant to Bankruptcy Rule 9024 and Rule 60(b)(1) and (4) of Civil Procedure. On October 16, 1996 the Bankruptcy Court entered an order denying Palermo's motion to vacate the April 16, 1996 order. In its October 16, 1996 order, the Bankruptcy Court found that Palermo "and his Counsel were afforded a full opportunity to present their position by filing a motion informing the court the details of their offer and of the escrow account. We were very clear when we informed both Mr. Palermo and his legal counsel we were not going to delay the sale of the property unless there were some assurances aside from the verbal proffer."

The Bankruptcy Court dismissed Palermo's argument that the Court's instruc-

tions to him were not clear at the March 29, 1996 hearing. To that end, it stated that "[a]ssuming arguendo he misunderstood our instructions, under the terms of the notice given by the Debtor and under Federal Rule 6004(b) he could still file his objection and offer during the 20 days period which did not elapse until April 10, 1996." Because the record showed that Palermo did not file anything with the Court until April 18, 1996, two days after the Bankruptcy Court had approved the sale, the Court found that he had not only failed to comply with the March 29, 1996 order, but he had also failed to comply with the cited Rule [1].

The Bankruptcy Court summarized its findings regarding Palermo's arguments as follows:

> The record shows we granted Mr. Palermo ample opportunity to come forward and convince the Court why we should delay the sale of Debtor's property by ordering it to conduct a public sale. Mr. Palermo failed to take advantage of this opportunity. He has distorted the record via arguments advanced in his motion. The record is clear: he was given notice of the proposed private sale; he did appear at the hearing to consider the private sale; he was told we would delay any ruling on his objection to the private sale for seven days; during these seven days he was repeatedly told to formulate and file his objection, counteroffer or request for a public auction in writing, backed up with an informative motion of the $160,000 escrow account; he was informed that if he failed to comply with these instructions we would deny his objection and approve the private sale; our order approving the final sale and denying Mr. Palermo's opposition to the sale was reduced to writing and was notified as required by law.

1. The record shows that Palermo actually deposited the monies in the escrow account within the time prescribed by the Bankruptcy Court. He also claims that he attempted to notify the Court of this fact via telephone on

The property was sold to Pérez via private sale on April 19, 1996, three days after the Bankruptcy Court entered its order approving the sale. Palermo did not request a stay of execution or enforcement of judgment, pending disposition of his motion to vacate the judgment, under Fed. R.Bank.P. 7062 or Fed.R.Civ.P. 62(b). Thus, the Opinion and Order confirming the private sale remained in full force and effect. After the Bankruptcy Court's October 16, 1996 order denying Palermo's motion to vacate judgment, Palermo did not then request a stay of the execution of judgment pending appeal.

Palermo filed the present appeal on November 12, 1996, and the record was transmitted on appeal to this Court on March 31, 1997.

**Procedural Background**

This Court has jurisdiction to entertain this appeal pursuant to 28 U.S.C. § 158(a).

Palermo appealed the Bankruptcy Court's denial of his motion to vacate or set aside the April 16, 1996 order approving the final sale and has designated the following two issues on appeal:

1. Whether the Court's verbal:order of March 29, 1996, was a nullity where it was part of a contested matter and never reduced to writing pursuant to Federal Rules of Bankruptcy Procedure 9021.

2. Whether the Court erred where it failed to set aside its Order Approving Sale, dated April 16, 1996 which allowed Debtor's private sale, and which was only issued after the Court first determined ex-parte that Appellant Carl Palermo had not complied with its earlier verbal "order" (of March 29, 1996); and where Appellant Carl Palermo was given neither notice or opportunity to be heard with regard to whether he had complied with said verbal "order".

several occasions. However, it is undisputed that he did not file any motion to that effect with the Court until two days after the private sale had been approved by the Court.

## Standard of Review

Rule 8013 of the Federal Rules of Bankruptcy Procedure provides that a reviewing court may affirm, modify or reverse a bankruptcy court's judgment, order, or decree, or it may remand with instructions for further proceedings. Fed. R.Bank.P. 8013.

■ The Bankruptcy Court's findings of fact shall be upheld unless they are clearly erroneous, and the Bankruptcy Court's conclusions of law shall be reviewed *de novo.* *T.I. Federal Credit Union v. Del-Bonis,* 72 F.3d 921, 928 (1st Cir.1995). This standard is the same as an appellate court's review of a district court order. *In Re Savage Industries,* 43 F.3d 714, 719 (1st Cir.1994).

## Applicable Law/Analysis

### Whether the present appeal is moot in light of Appellant's failure to request a stay

■ As stated above, appellee debtor filed a motion to dismiss the appeal, arguing that because Palermo failed to request a stay of the execution of the judgment approving the private sale, his appeal is rendered moot by the provisions of 11 U.S.C. § 363(m), which provides that absent a stay pending appeal, the reversal or modification on appeal of an authorization to sell or lease property does not affect the validity of the sale or lease to a good faith purchaser or lessee. Debtor also argues that the appeal is moot under the doctrine of equitable mootness, insofar as the property that was sold via the private sale was purchased by a bona fide third party, and appellant never sought a stay of the proceedings.

Palermo counters that § 363 is inapplicable in this instance because the sale was effectuated pursuant to Rule 6004, not § 363. To that end, he states that the Bankruptcy Court never mentioned § 363 in any of its orders regarding approval of the private sale, and that furthermore, § 363 is inapplicable because the instant sale of debtor's property was not undertaken by the trustee, but instead, by the debtor-in-possession.

■ Debtor correctly notes that in spite of the Bankruptcy Court's omission that the sale was effectuated pursuant to § 363, there is caselaw noting the interrelationship between § 363 and Rules 6004, 2002, and 8005. *See In re Karpe,* 84 B.R. 926, 929–30 (Bankr.M.D.Pa.1988) (noting that sales by debtors-in-possession outside of the ordinary course of business are done pursuant to § 363, and that the notice requirement and procedure for sales are set forth in Bankruptcy Rules 6004 and 2002). The Bankruptcy Rules can only be seen as a mechanism through which to effectuate the goals of the substantive provisions of the Bankruptcy Code; to find otherwise would be to see these rules in a statutory vacuum. Furthermore, it is clear from the Court's decision in *Karpe* that § 363 applies not only to sales performed by trustees, as is claimed by Palermo, but also applies to sales performed by debtors-in-possession, such as Pritam Realty, by virtue of 11 U.S.C. § 1107, which ascribes the same powers to debtors-in-possession as are possessed by trustees, with only a few limitations not applicable in this case.

To bolster its position that the instant controversy is moot, debtor cites *In re Texaco,* 92 B.R. 38 (S.D.N.Y.1988). The *Texaco* court found that while neither Bankruptcy Rule 8005 or 11 U.S.C. § 363(m) required requesting a stay on appeal as a precondition for appeal in that particular case, "[n]onetheless, it may be incumbent upon a party appealing a bankruptcy court's ruling to seek a stay lest the appeal in question be rendered moot by constitutional or related equitable/jurisprudential considerations." *Id.* at 44–45.

The *Texaco* court discussed the mootness doctrine in the bankruptcy context, stating that the constitutional principle of mootness, that federal courts are only empowered to hear live cases and controver-

sies, fully applied in a bankruptcy appeal. More significantly, however, the *Texaco* court elaborated on the doctrine which has been termed "equitable mootness," calling it a "cousin" of the Article III mootness doctrine, where "equitable principles of jurisprudence may dictate that a case be dismissed as moot even though a court may properly exercise its article III jurisdiction." *Id.* at 45. It stated that "in the bankruptcy context, these equitable principles retain an important role." Since the debtor and the creditors are free to execute a judgment of the bankruptcy court in the absence of a stay pending appeal, bankruptcy appellants should ordinarily request a stay of said judgment pending appeal or risk that the appellate court will refuse to entertain his claim.

The First Circuit Court of Appeals addressed this very issue. In *In re Public Service Company of New Hampshire*, 963 F.2d 469 (1st Cir.1992), the Court stated that "[m]ootness in bankruptcy appellate proceedings, as elsewhere, is premised on jurisdictional and equitable considerations stemming from the impracticability of fashioning fair and effective judicial relief." *Id.* at 471. It added that "[i]n bankruptcy proceedings, the equitable component centers on the important public policy favoring orderly reorganization and settlement of debtor estates by affording finality to the judgments of the bankruptcy court." *Id.* at 471–72 (internal quotations omitted).

The First Circuit acknowledged that "[t]he failure to obtain a stay is not sufficient ground for mootness"; however, it held that "in the absence of a stay, interested parties are free to implement the confirmed reorganization plan according to its terms, and the consequent circumstances may moot the matter in dispute." *Id.* at 473. To that end, it stated that "[t]he case is moot if the requested relief would be either inequitable or impracticable in light of the change in circumstances." *Id.*

We find that § 363(m) is applicable to the instant case, and that as such, any order that this Court were to issue vacating the Bankruptcy Court's approval of the private sale would not affect the validity of Pérez's purchase of El Consulado, as there is no allegation that said purchase was not done in good faith. Thus, any order that we were to issue would not have any practical effect on the validity of the sale of the property.

■ Furthermore, even assuming *arguendo* that § 363 is inapplicable to the sale at issue, we find that the general doctrine of equitable mootness bars our consideration of the relief requested by appellant. The asset which is the subject of the instant dispute constituted debtor's principal asset, and as such, was the most important component of the debtor's plan for reorganization. To vacate said sale at this juncture would run counter to the essential principle of finality that is particularly important in the bankruptcy context. We find that the First Circuit squarely addressed this concern in its final statement in *Public Service Company of New Hampshire* and we thus fully adopt it:

> Overriding jurisdictional, equitable and practical considerations counsel dismissal of the present appeal on the ground of mootness, as the absence of a stay pending the appeal of the order ... permitted [the] implementation [of the reorganization plan] to so substantial an extent as to leave the court powerless to grant fair and effective relief.

*Id.* at 476. We thus find, and as such, the present appeal shall be dismissed as moot.

### Conclusion

Pursuant to the above discussion, debtor's motion to dismiss the present appeal as moot (**Docket # 11**) is **GRANTED.** The present appeal shall thus be **DISMISSED** as **MOOT.** Judgment will be entered accordingly.

**SO ORDERED.**